UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY RAE COLE,

        Petitioner,        Case No. 1:12-cv-1019

v.        Honorable Paul L. Maloney

SHIRLEE HARRY,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner should

---

[1] The Rules Governing § 2254 Cases also may be applied to habeas corpus actions filed under § 2241. *See* Rule 1(b), RULES GOVERNING § 2254 CASES.

have brought this habeas corpus action under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241, and will dismiss Petitioner's action without prejudice.

**Factual Allegations**

Petitioner is presently incarcerated at the Pugsley Correctional Facility. Following a jury trial in Jackson County Circuit Court, on April 14, 2008, Petitioner was convicted of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413, assault with a dangerous weapon (felonious assault), MICH. COMP. LAWS § 750.529, and assault with intent to cause great bodily harm less than murder, MICH. COMP. LAWS § 750.84. Petitioner was sentenced as a habitual offender, MICH. COMP. LAWS § 769.11, to imprisonment of four to ten years for unlawfully driving away an automobile, four to eight years for felonious assault, and nine to twenty years for assault with intent to do great bodily harm.[2] Plaintiff appealed his conviction to the Michigan Court of Appeals and to the Michigan Supreme Court. On May 13, 2010, the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *See People v. Cole*, No. 288790, 2010 WL 1924847, at *5 (Mich. Ct. App. May 13, 2010). On September 27, 2010, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed by the court. *See People v. Cole*, 788 N.W.2d 452 (Mich. Sept. 27, 2010).

On April 18, 2011, Petitioner filed a motion for relief from judgment in the Jackson County Circuit Court. The trial court subsequently denied Petitioner's motion. Petitioner appealed the decision to the Michigan appellate courts. The Michigan Court of Appeals denied Petitioner's

---

[2]*See* the Michigan Department of Corrections Offender Tracking & Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=190388.

delayed application for leave to appeal on March 12, 2012.[3] On September 24, 2012, the Michigan Supreme Court denied Petitioner's application for leave to appeal for failure to meet the burden of establishing entitlement to relief under Mich. Ct. R. 6.508(D). *See People v. Cole*, No. 144882, –N.W.2d–, 2012 WL 4372558, at *1 (Mich. Sept. 24, 2012).

Petitioner raises the following two claims in his habeas petition (verbatim):

I. WARDEN HARRY IS UNLAWFULLY DETAINING ME WITHOUT JUDGMENT OF CONVICTION BEING ENTERED AGAINST ME AND ONE BEING ISSUED TO HER, SHE IS ALSO SUBJECTING ME TO SLAVERY, INVOLUNTARY SERVITUDE, AND FORCED LABOR, CONTRARY TO THE 13TH AMENDMENT TO THE U.S. CONSTITUTION, AND CONTRARY TO TITLE 18 U.S.C. §§§ 1583, 1584 AND 1589?

II. WARDEN HARRY IS DEPRIVING ME OF MY LIBERTY BY INCARCERATING ME ABSENT A COURT SIGNED JUDGMENT OF CONVICTION, SENTENCE AND COMMITMENT TO CORRECTIONS DEPARTMENT ORDER, CONTRARY TO THE SUBSTANTIVE COMPONENT OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION, AND TITLE 18 U.S.C. § 242.

(Pet., docket #1, Page ID##6, 7.)  In his application for habeas corpus relief, Petitioner argues that he is not required to exhaust his two habeas grounds under 28 U.S.C. § 2241. (Attach. A to Pet., docket #1-1, Page ID#13.)

## 28 U.S.C. § 2241

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241.  Section 2241 generally authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006).

---

[3]The opinion was obtained from the electronic docketing system maintained by the Michigan appellate courts at http://publicdocs.courts.mi.gov:81/coa/public/orders/2012/307206(16)_order.pdf.

Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmund v. United States,* 520 U.S. 651, 657 (1997); *Prieser v. Rodriquez,* 411 U.S. 475, 488 (1973). A number of courts have also held that because § 2254 is the more specific statute regarding habeas applications which challenge state court judgments, the provisions of that section take precedence over Section 2241. *See Davis v. Woods,* No. 09-v-11254, 2009 WL 1406384, at *1 (E.D. Mich. May 19, 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 279 n.4 (2nd Cir. 2003); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3rd Cir. 2001)).

Even though both Sections 2241 and 2254 authorize a petitioner to challenge the legality of his state custody, allowing a petitioner to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent." *Thomas v. Crosby,* 371 F.3d 782, 786 (11th Cir. 2004) (*citing Coady,* 251 F.3d at 484-85). As a result, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) (*citing Coady,* 251 F.3d at 484-85 (noting that Congress restricted the availability of second and successive petitions with respect to habeas petitions filed by state prisoners pursuant to § 2254 by way of § 2244(b). Allowing a petitioner to file a petition in federal court pursuant to § 2241 without reliance on § 2254 circumvents the procedural restrictions of § 2254.)) In *Greene v. Tenn. Dep't*

*of Corr.,* 265 F.3d 369 (6th Cir. 2001), the Sixth Circuit agreed with the following language from the Seventh Circuit:

> [W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Id.* at 371 (quoting *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000)); *see also Long v. Commonwealth of Ky.,* 80 F. App'x 410, 414 (6th Cir. 2003). Petitioner cannot evade the procedural requirements of § 2254 by filing a § 2241 petition. If § 2254 was not a restriction on § 2241's authority to grant the writ of habeas corpus, then § 2254 would serve no function at all as a state prisoner could avoid § 2254 limitations simply by writing '§ 2241' on his petition for federal post-conviction relief. *See Wilson v. Wolfenbarger,* No. 09-cv-13637, 2009 WL 3464734, at *2 (E.D. Mich. Oct. 23, 2009) (citing *Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004)); *see also Perez v. Davis,* No. 05-CV-74586-DT, 2006 WL 1722212, at *1 (E.D. Mich. June 20, 2006) (If a court were to permit petitioner to use 28 U.S.C. § 2241 to challenge his state court convictions, he would not be subject to: (1) the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1); (2) the deferential review accorded to state-court decisions under 28 U.S.C. § 2254(d)(1) and (2); (3) the AEDPA's limitations on successive petitions, contained in 28 U.S.C. § 2244(b)(2); and (4) state-court exhaustion requirements.)

In the present case, Petitioner is challenging his state-court convictions and sentences in the Jackson County Circuit Court, and, thus, should have brought his action under 28 U.S.C. § 2254. To remedy the situation, courts have either (1) dismissed the § 2241 petition without

prejudice, or (2) given notice to the petitioner of its intention to convert the petition into one brought under § 2254 and provided the petitioner with the option of withdrawing the petition. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004); *see also Alexander v. Hofbauer,* No. 2:06-cv-167, 2006 WL 2521606, at *3 (W.D. Mich. Aug. 30, 2006.) Rather than recharacterizing the petition as brought under § 2254, the Court will dismiss the petition without prejudice to avoid any adverse consequences with respect to any § 2254 claim Petitioner may file in the future. *See Martin,* 391 F.3d at 713 (finding the court should have dismissed petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than recharacterize it as a § 2254 petition without notice to petitioner); *see also Warren v. Miller*, No. 1:05-cv-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (the district court dismissed the petition for writ of habeas corpus brought by state prisoner under section 2241 without prejudice, instead of converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254).

The Court notes that Petitioner should be cognizant of the statute of limitations for filing a petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 27, 2010. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on

Monday, December 27, 2010. On April 18, 2011, Petitioner filed a motion for relief from judgment in the Jackson County Circuit Court. *See* 28 U.S.C. § 2244(d)(2) (A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.) After his 6.500 motion was denied, Petitioner appealed to the Michigan appellate courts. The Michigan Supreme Court denied his application for leave to appeal on September 24, 2012. Accordingly, with tolling, Petitioner has until June 4, 2013, in which to file his habeas petition.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice pursuant to Rule 4 because it should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds for failing to file his habeas petition under 28 U.S.C. § 2254. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on procedural grounds for failing to file his habeas petition under 28 U.S.C. § 2254. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

        A Judgment consistent with this Opinion will be entered.

Dated:   October 26, 2012                  /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge